UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-00037-11-JRG |
| | ) | |
| EULLIS MONROE GOODWIN | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Eullis Monroe Goodwin's Petition for Compassionate Release [Doc. 760] and the United States' Response in Opposition [Doc. 768]. Acting pro se, Mr. Goodwin, who is forty-eight years old, moves the Court under 18 U.S.C. § 3582(c)(1)(A) to order his release from prison due to the COVID-19 pandemic, citing various underlying medical conditions, including high cholesterol, high blood pressure, neuropathy, and prediabetes. [Def.'s Mot. at 1]. The United States does not dispute that Mr. Goodwin suffers from each of these conditions. [United States' Resp. at 10].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although 18 U.S.C § 3582(c) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1) so that courts can consider motions for compassionate release once a defendant exhausts his administrative remedies with the Bureau of Prisons or thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). The United States concedes that Mr. Goodwin has satisfied § 3582(c)(1)(A)'s exhaustion requirement. [United States' Resp. at 3].

Under § 3582(c)(1)(A), the Court's task is to determine whether (1) "extraordinary and compelling reasons" warrant a reduction and whether (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). "[C]ourts have universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) (quotation omitted); *see United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

The Application Notes to § 1B1.13 state that, when a defendant suffers from a medical condition, extraordinary and compelling reasons exist in two scenarios: the medical condition (1) is a terminal illness or (2) "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 n.1(A)(i)–(ii). Mr. Goodwin does not contend that his underlying conditions—in and of themselves—are terminal. Rather, he argues that if he were to contract COVID-19, his underlying conditions would cause him to be especially vulnerable to it, and he "would have no chance at surviving" it. [Def.'s Mot. at 1]. The Court therefore construes his request for compassionate release as falling within the second scenario.

In considering whether Mr. Goodwin's underlying conditions, against the backdrop of the COVID-19 pandemic, "substantially diminish[] [his] ability" to "provide self-care within" the prison's walls and leave him without an expectation of recovery, USSG § 1B1.13 n.1(A)(ii), the Court turns to the Center of Disease Control's guidelines, *see, e.g.*, *Cameron v. Bouchard*, ___ F. Supp. 3d ___, 2020 WL 2569868, at *4–5 (E.D. Mich. May 21, 2020); *Awshana v. Adduccl*, ___ F. Supp. 3d ___, 2020 WL 1808906, at *4 (E.D. Mich. Apr. 9, 2020); *see also Valentine v. Collier*, 140 S. Ct. 1598, 1600 n.2 (2020) (citing the CDC's guidelines in a case involving COVID-19); *cf. Sch. Bd. of Nassau Cty. v. Arline*, 480 U.S. 273, 287 (1987) (stating that "courts normally should defer to the reasonable medical judgments of public health officials" (footnote and quotation omitted)). According to the CDC, persons with the following characteristics and underlying conditions are more likely than others to suffer severe illness or death from COVID-19:

- Over 65 years of age;
- Chronic lung disease or moderate to severe asthma;
- Serious heart conditions;
- Immunocompromised bodies, which could be due to cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, and prolonged use of corticosteroids and other immune weakening medications;
- Severe obesity (body mass index of 40 or higher);
- Diabetes;
- Chronic kidney disease undergoing dialysis; or,
- Liver disease

*Coronavirus Disease 2019 (COVID-19): People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated May 14, 2020).

Mr. Goodwin's underlying conditions do not match those that the CDC identifies as likely to put an individual at a greater risk of severe illness from COVID-19. While the Court

3

sympathizes with Mr. Goodwin's concerns, it is unwilling to order the release of prisoners whose underlying conditions, based on the CDC's guidelines, do not place them at a heightened risk of severe illness from COVID-19; otherwise, the Court, to be evenhanded, would face the untenable situation of having to release all prisoners with any underlying condition. *See United States v. Wright*, No. CR-16-214-04, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020) ("The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." (footnote omitted))*; see also United States v. Dusenbery*, No. 5:91-cr-291, 2019 WL 6111418, at *2 (N.D. Ohio Nov. 18, 2019) ("Compassionate release due to a medical condition is an extraordinary and rare event." (quotation omitted)).

Even if the Court were to give Mr. Goodwin the benefit of the doubt by viewing his prediabetes as a condition likely to place him at a greater risk of severe illness from COVID-19, he still would not be entitled to compassionate release because he provides the Court with no indication that he is in danger of contracting the virus. He does not claim that any other inmate in his facility is infected with COVID-19, and the United States represents to the Court that Mr. Goodwin's facility has no known cases. [United States' Resp. at 10]; *cf. United States v. You*, No. 20-5390, at 2 (6th Cir. Apr. 22, 2020) (PACER) ("Critical here, however, there are no known COVID-19 cases at [the defendant's] present facility. . . . [and] her facility has implemented precautionary measures to protect those detained in the facility."); *see United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020) ("The mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify [the defendant's] release." (citation omitted)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

4

In sum, the Court, again, sympathizes with Mr. Goodwin's concerns, but he is not entitled to compassionate release under § 3582(c)(l)(A). His Petition for Compassionate Release [Doc. 760] is therefore **DENIED**.

So ordered.

ENTER:

                                                s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE