UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-00037-11-JRG |
| | ) | |
| EULLIS MONROE GOODWIN | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Eullis Monroe Goodwin's Pro Se Motion for Reconsideration [Doc. 777] and the United States' Response in Opposition [Doc. 779]. On June 17, 2020, the Court denied Mr. Goodwin's motion for compassionate release, concluding that his underlying medical conditions—high cholesterol, high blood pressure, neuropathy, and prediabetes—were not extraordinary and compelling reasons for his release because, based on the Center for Disease Control's guidelines, they did not place him at a heightened risk of severe illness from COVID-19. [Mem. Op. & Order, Doc. 774, at 2–4]. The Court also denied Mr. Goodwin's motion because FCI Bennettsville, the facility where he is serving his sentence, had no known cases of COVID-19 at the time. [*Id.* at 4].

Mr. Goodwin now moves the Court to reconsider its denial of his motion on two grounds. First, he has filed his medical records with the Court and asks the Court to review them. [Def.'s Mot. Recons. at 1]. Based on his records, he argues that his underlying conditions, which now include obesity and cardiovascular disease, do in fact expose him to a heightened risk of severe illness from COVID-19. [*Id.*; Def.'s Med. Records, Doc. 777-2, at 2, 3, 7, 9, 16]. According to his records, his body mass index is 30.1. [Def.'s Med. Records at 3]. Second, he contends that he

is entitled to compassionate release because FCI Bennettsville now does in fact have confirmed cases of COVID-19. [*Id.* at 2].[1]

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although 18 U.S.C § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts can consider motions for compassionate release once a defendant either exhausts his administrative remedies with the Bureau of Prisons or waits thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). The United States concedes that Mr. Goodwin has satisfied § 3582(c)(1)(A)'s exhaustion requirement. [United States' First Resp., Doc. 768, at 3].

Under § 3582(c)(1)(A), the Court's task is to determine whether (1) "extraordinary and compelling reasons" warrant a reduction and whether (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). "[C]ourts have universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and

---

[1] Mr. Goodwin also argues that he "was not given adequate time to reply" to the United States' response to his original motion for compassionate release. [Def.'s Mot. Recons. at 2]. A reply brief, however, is not necessary under the Court's local rules, E.D. Tenn. L.R. 7.1(c), and the Court elected to move swiftly in ruling on Mr. Goodwin's motion because of its urgent nature.

compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) (quotation omitted); *see United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

The Application Notes to § 1B1.13 state that, when a defendant suffers from a medical condition, extraordinary and compelling reasons exist in two scenarios: the medical condition (1) is a terminal illness or (2) "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 n.1(A)(i)–(ii). Mr. Goodwin does not contend that his underlying conditions—in and of themselves—are terminal. Rather, he argues that if he were to contract COVID-19, his underlying conditions would cause him to be especially vulnerable to it, and he would be "more likely to fataly [sic] subcom [sic] to" it. [Def.'s Mot. Recons. at 1]. The Court therefore construes his request for compassionate release as falling within the second scenario.

In considering whether Mr. Goodwin's underlying conditions, against the backdrop of the COVID-19 pandemic, "substantially diminish[] [his] ability" to "provide self-care within" the prison's walls and leave him without an expectation of recovery, USSG § 1B1.13 n.1(A)(ii), the Court turns to the Center of Disease Control's guidelines, *see, e.g.*, *Cameron v. Bouchard*, ___ F. Supp. 3d ___, 2020 WL 2569868, at *4–5 (E.D. Mich. May 21, 2020), *vacated on other grounds*, ___ F. App'x ___, 2020 WL 3867393 (6th Cir. 2020); *Awshana v. Adduccl*, ___ F. Supp. 3d ___, 2020 WL 1808906, at *4 (E.D. Mich. Apr. 9, 2020); *see also Valentine v. Collier*, 140 S. Ct. 1598, 1600 n.2 (2020) (citing the CDC's guidelines in a case involving

3

COVID-19); *cf. Sch. Bd. of Nassau Cty. v. Arline*, 480 U.S. 273, 287 (1987) (stating that "courts normally should defer to the reasonable medical judgments of public health officials" (footnote and quotation omitted)). Since the Court's denial of Mr. Goodwin's motion last month, the CDC has revised its guidelines, and according to the revised guidelines, "[p]eople of any age with the following conditions *are at increased risk* of severe illness from COVID-19":

- Cancer
- Chronic kidney disease
- COPD (chronic obstructive pulmonary disease)
- Immunocompromised state (weakened immune system) from solid organ transplant
- Obesity (body mass index [BMI] of 30 or higher)
- Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
- Sickle cell disease
- Type 2 diabetes mellitus

*People Who Are at Higher Risk for Severe Illness,* Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 30, 2020).

Under the CDC's revised guidelines, Mr. Goodwin's body mass index now places him above the CDC's new threshold and at a heightened risk of severe illness from COVID-19, especially in tandem with his high blood pressure.[2] But the fact that Mr. Goodwin is now an at-risk individual under the CDC's revised guidelines does not, in and of itself, entitle him to compassionate release. Before ordering compassionate release, the Court also has to determine that (1) Mr. Goodwin "is not a danger to the safety of any other person or to the community" by

---

[2] The CDC acknowledges that individuals with high blood pressure alone "*might* be at an increased risk for severe illness from COVID-19." *People Who Are at Higher Risk for Severe Illness,* Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 30, 2020). The CDC also suggests that high blood pressure, in combination with another condition, can expose individuals to "a higher risk for severe illness from COVID-19." *Frequently Asked Questions*, Ctrs. For Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/faq.html# People-at-Higher-Risk-for-Severe-Illness (last updated July 15, 2020).

4

weighing 18 U.S.C. § 3553(a)'s factors, to the extent they are applicable, and (2) a reduced sentence is "consistent with" USSG § 1B1.13's policy statements. USSG § 1B1.13(2)–(3); *see* § 3582(c)(1)(A) ("The court may not modify a term of imprisonment once it has been imposed except that . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."); *see also United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

A prisoner's compassionate release is an extraordinary and rare occurrence, *see United States v. Dusenbery*, No. 5:91-cr-291, 2019 WL 6111418, at *2 (N.D. Ohio Nov. 18, 2019) (observing that "[c]ompassionate release due to a medical condition is an extraordinary and rare event" (quotation omitted)), and the general threat of COVID-19—that is, the fear that it may infiltrate a prison's population—cannot justify it, *see United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020) ("The mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify [the defendant's] release." (citation omitted)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Eberhart*, ___ F. Supp. 3d ___, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[A] reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

COVID-19 has not affected FCI Bennettsville to the same level as other federal facilities throughout the country. The Federal Bureau of Prisons ("BOP") reports only two active cases

5

among the prison population at FCI Bennettsville, and it reports seven active cases among the staff there. *COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/ coronavirus/ (last updated July 30, 2020). Mr. Goodwin, significantly, provides the Court with no indication that he is in danger of contracting the virus; he does not claim that he has been exposed to the virus or that the BOP has failed to take swift, appropriate, and effective steps to quarantine the infected prisoners or staff members at FCI Bennettsville. In fact, he acknowledges that the "two inmate units [are] currently under quarantine." [Def.'s Mot. Recons. at 2].

Under these circumstances, Mr. Goodwin is not entitled to compassionate release at this time. *Cf. United States v. You*, No. 20-5390, at 2 (6th Cir. Apr. 22, 2020) (PACER) (noting the scarcity of "COVID-19 cases at [the defendant's] present facility" and observing that "her facility has implemented precautionary measures to protect those detained in the facility"); *see Raia*, 954 F.3d at 597 (referring to the BOP's "extensive and professional efforts to curtail the virus's spread" (citation omitted)); *see also United States v. Elebesunu*, No. GJH-13-008, 2020 WL 3791978, at *2 (D. Md. July 7, 2020) ("Under circumstances such as these where the number of cases at the facility is low and BOP appears to have controlled the spread, the imminence of the risk to [the defendant] is diminished and weighs against granting compassionate release." (citation omitted)); *United States v. Arafat*, No. 12-cr-45, 2020 WL 3790727, at *6 (D. Minn. July 7, 2020) ("[E]ven assuming [the defendant's] underlying medical conditions exist, [he] has failed to demonstrate a particularized risk of contracting the disease. To date, FCI-Sandstone has only one reported case of COVID-19." (citation omitted)).

In sum, the Court, again, sympathizes with Mr. Goodwin's concerns, but he is not entitled to compassionate release under § 3582(c)(1)(A). His Pro Se Motion for Reconsideration [Doc.

777] is therefore **DENIED**. If the conditions at FCI Bennettsville change, however, Mr. Goodwin has leave of the Court to file a renewed motion for compassionate release.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE