UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:13-CR-00037-11-JRG |
| | ) | |
| EULLIS MONROE GOODWIN | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Eullis Monroe Goodwin's Renewed Pro Se Motion for Compassionate Release under 18 U.S.C § 3582(c)(1)(A) [Doc. 783] and the United States' Response in Opposition [Doc. 785]. For the reasons herein, the Court will deny Mr. Goodwin's motion.

### I. BACKGROUND

In 2014, the Court sentence Mr. Goodwin to a guidelines-range sentence of 188 months' imprisonment for conspiring to distribute and possess with the intent to distribute twenty-eight grams or more of a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. [J. Doc. 499, at 1–2]. Mr. Goodwin is incarcerated at FCI Bennettsville with a scheduled release date of October 2026.

Mr. Goodwin, who is forty-nine, recently moved the Court under § 3582(c)(1)(A) to order his release from prison due to the COVID-19 pandemic, citing various underlying medical conditions, including high cholesterol, high blood pressure, neuropathy, and prediabetes. [Def.'s First Mot., Doc. 760]. The Court denied his motion, concluding that his underlying conditions were not extraordinary and compelling reasons for his release because, based on the Center for Disease Control's guidelines, they did not place him at a heightened risk of severe illness from COVID-19. [Mem. Op. & Order, Doc. 774, at 2–4]. The Court also denied Mr. Goodwin's motion because FCI Bennettsville had no known cases of COVID-19 at the time. [*Id.* at 4].

Mr. Goodwin moved for reconsideration of the Court's denial of his motion. He argued that his underlying conditions, which he noted also include obesity, do in fact expose him to a heightened risk of severe illness from COVID-19. [Def.'s Mot. Recons., Doc. 777, at 1; Def.'s Med. Records, Doc. 777-2, at 2, 3, 7, 9, 16]. The Court reviewed Mr. Goodwin's medical records, which showed that his body mass index is just over 30.0, and based on the CDC's newly revised guidelines, the Court concluded that Mr. Goodwin's body mass index put him at a heightened risk of severe illness from COVID-19, especially in combination with his high blood pressure. [Second Mem. Op. & Order, Doc. 781, at 4]. The Court, however, denied his motion for reconsideration because the number of confirmed cases of COVID-19 at FCI Bennettsville continued to remain low—only two inmates and seven staff members had tested positive for the virus. [*Id.* at 6].[1]

Although the Court denied Mr. Goodwin's request for reconsideration, it granted him leave to refile a motion for compassionate release if the conditions at FCI Bennettsville changed for the worse. [*Id.* at 7]. Now, in renewing his motion for compassionate release, Mr. Goodwin claims that the conditions at FCI Bennettsville have indeed changed for the worse—and he's right. Since the Court's denial of Mr. Goodwin's motion for reconsideration about a month ago,

---

[1] *Cf. United States v. You*, No. 20-5390, at 2 (6th Cir. Apr. 22, 2020) (PACER) (noting the scarcity of "COVID-19 cases at [the defendant's] present facility"); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (recognizing that the mere "possibility that [COVID-19] may spread" throughout a prison "cannot independently justify compassionate release"); *United States v. Elebesunu*, No. GJH-13-008, 2020 WL 3791978, at *2 (D. Md. July 7, 2020) ("Under circumstances such as these where the number of cases at the facility is low and BOP appears to have controlled the spread, the imminence of the risk to [the defendant] is diminished and weighs against granting compassionate release." (citation omitted)); *United States v. Arafat*, No. 12-cr-45, 2020 WL 3790727, at *6 (D. Minn. July 7, 2020) ("[E]ven assuming [the defendant's] underlying medical conditions exist, [he] has failed to demonstrate a particularized risk of contracting the disease. To date, FCI-Sandstone has only one reported case of COVID-19." (citation omitted)); *see also United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020) ("The mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify [the defendant's] release." (citation omitted)); *United States v. Eberhart*, ___ F. Supp. 3d ___, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[A] reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

2

the number of confirmed cases at FCI Bennettsville has swelled: sixty-eight inmates and twelve staff members are now positive for the virus. *COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/ coronavirus/ (last updated Sept. 8, 2020). Mr. Goodwin urges the Court to order his compassionate release based on the "significant influx of COVID-19 case[s]" around him, [Def.'s Renewed Mot. at 1], but the United States opposes his renewed request for release, arguing that it is inconsistent with 18 U.S.C. § 3553(a)'s factors, [United States' Resp. at 1–5].

## II. ANALYSIS

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts can consider motions for compassionate release once a defendant either exhausts his administrative remedies with the Bureau of Prisons or waits thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A).[2]

---

[2] The United States concedes that Mr. Goodwin has satisfied § 3582(c)(1)(A)'s exhaustion requirement. [United States' First Resp., Doc. 768, at 3].

3

Under § 3582(c)(1)(A), the Court's task is to determine whether (1) "extraordinary and compelling reasons" warrant a reduction and whether (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and "the factors set forth in section 3553(a) to the extent that they are applicable." § 3582(c)(1)(A)(i). "[C]ourts have universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) (quotation omitted). The Application Notes to § 1B1.13 state that, when a defendant suffers from a medical condition, extraordinary and compelling reasons exist in two scenarios: the medical condition (1) is a terminal illness or (2) "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 n.1(A)(i)–(ii).

Although the Court previously determined that Mr. Goodwin is an at-risk individual under the CDC's revised guidelines, that determination alone—even when coupled with the rise in COVID-19 cases at FCI Bennettsville—does not entitle him to compassionate release. Before ordering compassionate release, the Court also has to determine that (1) he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," (2) a reduced sentence is consistent with §3553(a)'s factors, to the extent they are applicable, and (3) a reduced sentence is otherwise consistent with USSG § 1B1.13's policy statements. USSG § 1B1.13(2)–(3); *see* § 3582(c)(1)(A) ("The court may not modify a term of imprisonment once it has been imposed except that . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and "the factors set forth in section 3553(a) to the extent that they are applicable[.]"); *United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility

4

requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

### A. Danger to the Safety of Others or the Community

Section 3142(g) contains the factors that courts must consider in determining whether a defendant should be detained pending trial, and it states:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Having considered § 3142(g)'s factors and refamiliarized itself with Mr. Goodwin's presentence investigation report [Doc. 426], the Court is of the conviction that Mr. Goodwin would be a danger to the community if it were to order his release under § 3582(c)(1)(A). As for

5

the nature and circumstances of Mr. Goodwin's offense and the weight of the evidence against him, Mr. Goodwin admittedly sold large quantities of crack throughout Northeast Tennessee. [PSR ¶ 20]. At sentencing, his criminal history category was VI—with thirteen countable points for convictions, which include armed robbery, attempted murder, robbery, aggravated assault, criminal trespass, and aggravated criminal trespass—and the United States Probation Office also informed the Court that he is a gang member. [*Id.* ¶¶ 41–45, 51, 83]. These facts leave the Court unable to conclude that Mr. Goodwin would not pose a danger to others or the community if it were to order his release. Mr. Goodwin therefore fails to show that he is entitled to release under § 3582(c)(1)(A).

### B. Section 3553(a)'s Factors

Because the Court is not satisfied that Mr. Goodwin would not pose a danger to the community if released, it has no need to engage in a lengthy discussion of § 3553(a)'s factors. These factors include the "nature and circumstances of the offense"; the "history and characteristics of the defendant"; the "need for the sentence imposed" to "reflect the seriousness of the offense," to "promote respect for the law," and "to provide just punishment for the offense"; the "sentencing range established" for the defendant's offense; and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(1)–(2), (4), (6). Mr. Goodwin's criminal offense—a conspiracy to distribute and possess with the intent to distribute twenty-eight grams or more of a detectable amount of cocaine base, in violation of §§ 841(a)(1), 841(b)(1)(B) and 846—is unquestionably serious in nature. *Cf. United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (describing a conspiracy to distribute heroin as "grave").

To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, "courts have generally granted compassionate release only to defendants who have served a significant portion of their sentences." *United States v. Kincaid*, No. 3:10-CR-00160-1-TAV-HBG, at 13 (E.D. Tenn. Oct. 29, 2019) (citations omitted) (PACER), *aff'd*, 802 F. App'x 187 (6th Cir. 2020). Mr. Goodwin has served less than half of his sentence, and under § 3553(a)(2)(A), the fact that he has served only a portion of his sentence does not work in favor of his release. *See Kincaid*, 802 F. App'x at 188 (stating that "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate," and based partly on these specific factors, affirming this Court's denial of the defendant's motion for compassionate release).

A substantial reduction in Mr. Goodwin's sentence simply would not reflect the extreme seriousness of his offense, would not promote respect for the law or afford adequate deterrence, and would not adequately protect the public from future crimes. § 3553(a)(2). If the Court were to grant Mr. Goodwin's request for compassionate release even though he has completed less than half of his 188-month sentence—which the Court "reluctantly" found to be sufficient to reflect the § 3553(a) factors, and "only minimally so," [Hr'g Tr., Doc. 614, at 18:22–25]—the Court would also risk creating "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). Section 3553(a)'s factors therefore do not weigh in favor of Mr. Goodwin's release.

### III. CONCLUSION

In sum, the Court sympathizes with Mr. Goodwin's concerns, but he is not entitled to compassionate release under § 3582(c)(1)(A) because USSG § 1B1.13 and § 3553(a)'s factors

7

militate against his release. Mr. Goodwin's Renewed Pro Se Motion for Compassionate Release under § 3582(c)(1)(A) [Doc. 783] is therefore **DENIED**.

So ordered.

ENTER:

                                      s/J. RONNIE GREER
                              UNITED STATES DISTRICT JUDGE