UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:13-CR-37-11
)
EULLIS MONROE GOODWIN )

## MEORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Eullis Monroe Goodwin's Pro Se Motion for Early Termination of Probation [Doc. 942], and the United States's Response in Opposition [Doc. 943].

The decision to terminate a defendant's supervised release lies exclusively in the Court's discretion. *United States v. Atkin*, 38 F.App'x 196, 198 (6th Cir. 2002). Once a defendant has completed one year of his term of supervised release, the Court may – in its discretion – terminate the remainder of that term if, after considering the relevant factors under 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3582(e)(1).

The Court has consulted with the United States Probation Office (USPO) regarding Mr. Goodwin's conduct while on supervision. The USPO reports that Mr. Goodwin has done well on supervision, other than one contact with law enforcement due to speeding. He has maintained a stable residence, obtained temporary employment with Altar'd State through an employment agency, and was later hired directly by the company, and has complied with all other supervision requirements. However, due to the relatively short period of time that Mr. Goodwin has been on

supervision and his classification as a career offender, the USPO did not recommend Mr. Goodwin for early termination at this time.

The United States agrees with the USPO, and points to the violent nature of Mr. Goodwin's criminal history and the short period of supervision in its opposition to his motion. [U.S. Resp., Doc. 943, at 2].

While the Court certainly commends Mr. Goodwin for his progress so far, it shares the concern that he is still early in his term of supervision. According to the USPO, his term of supervision began on March 18, 2025, and is set to expire on March 17, 2029. Further, Mr. Goodwin was sentenced as a career offender due to the nature and length of his criminal history. The Court is not satisfied that such a brief period of supervision for a defendant sentenced as a career offender satisfies the § 3553(a) factors, namely the need for the sentence imposed to afford adequate deterrence to criminal conduct and to promote respect for the law.

The Court finds that continuation of Mr. Goodwin's supervision is necessary to promote respect for the law, and to afford adequate deterrence to criminal conduct. Therefore, Mr. Goodwin's Motion for Early Termination of Supervised Release [Doc. 942] is **DENIED**.

So ordered.

ENTER:

s/ J. RONNIE GREER

UNITED STATES DISTRICT JUDGE